Cartter, Ch, J.:
A majority of the judges are of opinion that we cannot issue this writ. If the matter referred back to the primary examiner is a separate examination into an application for a patent, clearly Mr. Bigelow has no right to appear there. The law makes it ex parte, and the only person that can be heard is the applicant for the patent. If the proceedings before the examiner is without authority, there is no appeal,, because that officer has no power in the premises. You do not ask the court to require the Commissioner to take up an appeal to himself from the decision of the examiners-in-chief, for they have already acted. If he refused to entertain such an appeal, the writ of mandamus would be an appropriate process to compel him. The application is not made in that connection. The argument is that an interference has been declared, and that, therefore, the decision of the primary examiner is in an interference case, so that the court is asked to regard an ex parte application as an application in interference. There has been some discussion as to what an interference means, and there is a wide discrepancy between the counsel on that subject; one side claiming that it embraced everything that entered into the right of an applicant for a patent, and on the other side that it is only an inquiry as to who is the prior inventor; but I think that point is not involved in this question. The trouble is that you have applied for a writ of mandamus where the law submits the subject to the opinion of the Commissioner of Patents, and that is conclusive with me that the writ cannot issue.
*31 Mr. Justice Wylie said:
It is a settled principle that mandamus will issue requiring an officer to perform-a ministerial duty which involves no exercise of discretion under the law. The conflict of opinion which we see exhibited in this case shows that the matter in controversy is one which requires not only the exercise of discretion, but is a subject of real difficulty in regard to how the duties of the Commissioner in the premises are to be performed.
The law says that the Commissioner of Patents, when in his opinion an application for a patent interferes with any pending application, or with any other patent already granted, may declare an interference. In such case the investigation is to be confined to priority of invention. It is conceded that Baldwin was the prior inventor; but Bigelow has got the patent, and he says that Baldwin ought not to have his, because he used his invention publicly so as to abandon it to the public, and he wants an interference to show that Baldwin has so abandoned his invention. Baldwin was the original inventor, and he is, therefore, entitled to a patent, and when that issues, the contest will be transferred from the Patent-Office to the courts, which is the exact position the law intended the parties should occupy in cases of this kind. I have no idea that it was the intention of the law-makers that on a question of interference the office should go into this question of abandonment. It is true that the 51st rule of the Patent-Office allows that to be done; but it is still a matter of discretion even under the rule. The Commissioner may permit it, or he may not. I do not think he has any right to establish such a rule, but even if he has such right, it is discretionary with him to allow evidence of this kind in a case of interference. If he has the right to enlarge the scope of inquiry, he can as well restrict it. He has a right to dissolve the interference or any part of it; and if the'examination on the question of abandonment has gone far enough, he can stop it there. Upon the whole, I have never seen an application for a mandamus which involves so many doubtful questions, and the exercise of so much discretion in regard to the patent law. .The mandamus should be denied.
*32 Mr. Justice MacArthur said :
I am of the same opinion, although I confess it is with considerable diffidence I approach the construction of the patent law. It is well established that a mandamus will not issue to control the judgment or discretion of the officer to whom it is to be directed, and it is quite apparent to my mind that the Commissioner of Patents, in suspending temporarily the proceedings in interference, and referring Baldwin’s application back to the primary examiner, has exercised a prudent and discreet judgment. The decision of the examiner was not made in the interference case, and could not be made in the interference case, for the simple reason that the law directs all decisions in that proceeding to be rendered by the examiner in charge of interferences. He is au officer designated for the very purpose by the statute. Now, an interference had been declared by the Commissioner between these two inventors, and the examiner in charge of interferences, and afterward, on appeal, the examiners-in-chief, decided that Baldwin was the prior inventor. But in the testimony used in this proceeding some circumstances were developed calculated to show that Baldwin had abandoned his invention to the public use before he applied for a patent. The Commissioner is invested with the general superintendence of the Patent-Office, and the primary examiners seem to be placed peculiarly under his direction; and he can assign to them any duty in the examination of patents which the exigencies of the office demand. It appears that when the suggestion was made upon the testimony in the.interference case that Baldwin had abandoned his invention, he very properly sent that question back to the primary examiner. Whether Baldwin abandoned his invention is a question which belongs to his original application, and the primary examiner should see to and determine this point. It enters into the patentability of the improvement as much as its usefulness or novelty, and these matters ought to be settled before an interference is declared or a patent issues. And if it becomes apparent at any stage of the proceeding that the invention is defective in any of these particulars, the Commissioner, by virtue of his general power of manag *33 ing tlie business of the office, ought to direct a suitable examiner to inquire into that fact, just the same as upon an original reference of an application for the patent, and to have it determined as a preliminary or ex parte question. Bigelow claims that he is a party to the question of abandonment by virtue of this interference. He might as well say that he was a party to the original application. The Commissioner and the ■examiners may avail themselves of all sources of information upon an application for a patent, but no one would claim that persons who have made useful communications to these officers would have a right to become parties, in the sense of a party, as we understand the term.
I am, therefore, clearly of opinion that this proceeding before the primary examiner was ex parte, and that Bigelow had no right of appeal. The only case in which he was prop■erly a party was on the question of priority of invention. I entirely agree with my brother Wylie that priority of invention is the only question that can be heard or determined upon an interference. The statute confines the inquiry to that point, and that is the only subject in the whole patent law that can be litigated in the office by opposing parties, unless it is in applications for extension. Abandonment of an invention is in the nature of things an entirely different affair, and cannot be confounded with u priority of invention,” without disregarding the plainest distinctions, both in language and law.